PER CURIAM:
Claimants brought this action for damage to their 1994 Dodge Caravan which occurred when claimant Violet Hart was operating her vehicle on State Route 2 in Huntington, Cabell County, and the vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of State Route 2. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on February 17, 2001, between 7:30 p.m. and 8:00 p.m. Mrs. Hart was traveling State Route 2 in Huntington. She was going to visit her mother-in-law. Mrs. Hart had traveled State Route 2 on prior occasions, but she had not driven it in a while. She decided to use it on the evening at issue because she thought it may be quicker. The weather was clear and very cold. The road was dry and in otherwise good condition. State Route 2 at the location of this incident is a two-lane road with yellow centerlines and white lines on both edges. Mrs. Hart was traveling thirty-five miles per hour which is the posted speed limit. As she proceeded through a straight stretch, she suddenly hit something in the road which made a loud noise. Then, the front end of the van started shaking. She stopped the vehicle and noticed that she had a flat tire. She also took a flashlight *189 and walked back to see what the vehicle had struck and observed a large hole in the road. The hole was located within the travel portion of the road and extended toward the white edge line. According to Mrs. Hart, both passenger side tires and wheels were damaged by the impact. As a result of this incident, claimants had to replace one wheel and two tires. They also had to have the front end realigned. Claimants submitted into evidence an estimate of $537.95 for these damages. ■ However, claimants did not have these repairs done. Mr. Hart testified that he purchased four tires and wh eels for the van prior to this incident and kept the original factory tires and wheels. After the incident, he replaced all four tires and replaced them with the original factory tires and wheels. Claimants did not have insurance coverage to cover their loss.
Claimants contend that respondent negligently failed to maintain State Route 2 at the location of this incident and that it knew or should have known of this hole and made adequate repairs.
Respondent did not present any evidence or witnesses in the defense of this claim.
Claimants introduced into evidence a video tape demonstrating the hole at issue and the surrounding area. Claimant Timothy Hart took the video tape the morning after the incident and he also observed the hole at issue. The evidence showed that this hole was inside the white line and clearly within the travel portion of the road. Mr. Hart testified that the hole was six to seven inches deep and approximately five to six inches wide. It was also evident from the video tape that the hole was substantially large in size. Mr. Hart also testified that in order to avoid striking the hole an approaching vehicle would have to maneuver across the center line.
Given the size of the hole, and the fact that it extended well into the travel portion of State Route 2, it is evident that it has been present for a significant period of time. Therefore, the Court is of the opinion that the respondent had at least constructive, if not actual, notice of this hole. Respondent had a reasonable amount of time to make adequate repairs and failed to do so. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). The Court may only make an award to claimants for their actual out-of-pocket loss. The Court will not make an award based on the estimate submitted by the claimants in this claim. Mr. Hart testified that he had purchased four new wheels for the van at a cost of $450.00 which includes the tires as well. He had replaced the four original factory tires and wheels with these new ones just prior to this incident. Mrs. Hart testified that the two passenger side tires and wheels were damaged in this incident. Therefore, the claimants’ out-of-pocket expense for the two tires and wheels was $225.00 and they incurred $24.00 for the alignment for a total loss of $249.00
Accordingly, the Court makes an award to the claimants in the amount of $249.00.
Award of $249.00.